# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> PROPHESY TRANSPORTATION SOLUTIONS, INC., NTE, LLC., NNR GLOBAL LOGISTICS USA, INC., NAVITAG TECHNOLOGIES, INC., FLASH GLOBAL LOGISTICS, INC., and CMA CGM, LLC. <br><br> Defendants. | CASE NO.: _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar" or "Plaintiffs"), by and through their undersigned attorneys, for their complaint against defendants Prophesy Transportation Solutions, Inc. ("Prophesy"), NNR Global Logistics USA, Inc. ("NNR"), NaviTag Technologies, Inc. ("NaviTag"), NTE, LLC ("NTE"), Flash Global Logistics, Inc. ("Flash Global"), and CMA CGM, LLC ("CMA") (Prophesy, NNR, NaviTag, NTE, Flash Global, and CMA are collectively referred to herein as as "Defendants") hereby allege as follows:

## NATURE OF LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**THE PARTIES**

2. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

3. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

4. Melvino and ArrivalStar S.A. (collectively referred to hereafter as "ArrivalStar") own all right, title and interest in, and have standing to sue for infringement of United States Patent No. 5,657,010 ("the '010 patent"), entitled "Advance Notification System and Method Utilizing Vehicle Progress Report Generator," issued August 12, 1997. A copy of the '010 patent is annexed hereto as Exhibit A.

5. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 5,668,543 ("the '543 patent"), entitled "Advance Notification System and Method Utilizing Vehicle Progress Report Generator," issued September 16, 1997. A copy of the '543 patent is annexed hereto as Exhibit B.

6. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,278,936 ("the '278 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle," issued August 21, 2001. A copy of the '278 patent is annexed hereto as Exhibit C.

7. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,317,060 ("the '060 patent"), entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification

Messages," issued November 13, 2001. A copy of the '060 patent is annexed hereto as Exhibit D.

8. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,411,891 ("the '891 patent"), entitled "Advance Notification System and Method Utilizing User-Definable Notification Time Periods," issued June 25, 2002. A copy of the '891 patent is annexed hereto as Exhibit E.

9. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle," issued November 26, 2002. A copy of the '801 patent is annexed hereto as Exhibit F.

10. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle," issued March 30, 2004. A copy of the '859 patent is annexed hereto as Exhibit G.

11. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,748,318 ("the '318 patent"), entitled "Advanced Notification Systems and Methods Utilizing a Computer Network," issued June 8, 2004. A copy of the '318 patent is annexed hereto as Exhibit H.

12. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network," issued June 8, 2004. A copy of the '320 patent is annexed hereto as Exhibit I.

13. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel," issued October 4, 2005. A copy of the '645 patent is annexed hereto as Exhibit J.

14. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,975,998 ("the '998 patent"), entitled "Package Delivery Notification System and Method," issued December 13, 2005. A copy of the '998 patent is annexed hereto as Exhibit K.

15. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006. A copy of the '781 patent is annexed hereto as Exhibit L.

16. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled Notification Systems and Methods with User-Definable Notifications Based Upon Occurrence of Events," issued June 7, 2005. A copy of the '359 patent is annexed hereto as Exhibit M.

17. Defendant Prophesy is a Deleware corporation with a place of business at 204-C West Newberry Road Bloomfield, Connecticut 06002. Prophesy transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents.

18. Defendant NNR is an Illinois corporation with a place of business at 450 East Deveon Suite 260, Itasca, Illinois 60143. NNR transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '318, '320, and '781 patents.

19. Defendant NaviTag is a Delaware corporation with a place of business at 99 Derby Street, Suite 200 Hingham, Massachusetts 02043. NaviTag transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '318, '320, '781, '891, '060, and '645 patents.

20. Defendant NTE is a Delaware Limited Liability Company with a place of business at 200 W. 22nd Street, Suite 20 Lombard, Illinois 60148. NTE transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '781, '318, '891, '060, '645, and '320 patents.

21. Defendant Flash Global is a Delaware corporation with a place of business at 10 Old Bloomfield Avenue, Pine Brook, New Jersey 07058. Flash Global transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '318, '781, '891, '060, '645, and '320 patents.

22. Defendant CMA is a Virginia, Limited Liability Company with a place of business at 5701 Lake Wright Drive, Norfolk, Virginia 23502. CMA is the United States agent of CMA CGM, Marseille. CMA transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '781, '318, '891, '060, '645 and '320 patents.

23. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## DEFENDANT PROPHESY'S ACTS OF PATENT INFRINGEMENT

24. Defendant Prophesy has infringed claims of the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents through, among other activities, the use of Prophesy's "Mobile Comm" shipment tracking systems. Prophesy has also infringed the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

25. Defendant Prophesy's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents.

## DEFENDANT NNR'S ACTS OF PATENT INFRINGEMENT

26. Defendant NNR has infringed claims of the '318, '320, and '359 patents through, among other activities, the use of NNR's PowerNET system. NNR has also infringed the '318, '320, and '359 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

27. Defendant NNR's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, and '359 patents.

## DEFENDANT NAVITAG'S ACTS OF PATENT INFRINGEMENT

28. Defendant NaviTag has infringed claims of the '318, '320, '781, '891, '060, and '645 patents through, among other activities, the use of NaviTag's tracking system has also infringed the '318, '320, '781, '891, '060, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

29. Defendant NaviTag's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, '781, '891, '060, and '645 patents.

### DEFENDANT NTE'S ACTS OF PATENT INFRINGEMENT

30. Defendant NTE has infringed claims of the '781, '318, '891, '060, '645, and '320 patents through, among other activities, the use of NTE's Transportation Management System. NTE has also infringed the '781, '318, '891, '060, '645, and '320 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

31. Defendant NTE's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '781, '318, '891, '060, '645, and '320 patents.

### DEFENDANT FLASH GLOBAL'S ACTS OF PATENT INFRINGEMENT

32. Defendant Flash Global has infringed claims of the '318, '781, '891, '060, '645, and '320 patents through, among other activities, the use of Flash Global's FLASHTRAC system. Flash Global has also infringed the '318, '781, '891, '060, '645, and '320 patents by

knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

33. Defendant Flash Global's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '781, '891, '060, '645, and '320 patents.

## DEFENDANT CMA'S ACTS OF PATENT INFRINGEMENT

34. Defendant CMA has infringed claims of the '781, '318, '891, '060, '645 and '320 patents through, among other activities, the use of CMA's shipment tracking and notification systems. CMA has also infringed the '781, '318, '891, '060, '645 and '320 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

35. Defendant CMA's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '781, '318, '891, '060, '645 and '320 patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate ArrivalStar for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the ArrivalStar patents began;

B.  Increased damages as permitted under 35 U.S.C. § 284;

C.  A finding that this case is exceptional and an award to ArrivalStar of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.  A permanent injunction prohibiting further infringement, inducement and contributory infringement of the ArrivalStar patents; and

E.  Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

ArrivalStar demands a trial by jury on all issues presented in this Complaint.

Dated: April 17, 2009
Respectfully submitted,

  /s/ Anthony E. Dowell
Anthony E. Dowell
aedowell@dowellbaker.com
DOWELL BAKER, P.C.
201 Main St., Suite 710
Lafayette, IN 47901
(765) 429-4004
(765) 429-4114 (fax)

**ATTORNEYS FOR PLAINTIFFS
ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES LIMITED**