**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARRIVALSTAR S.A. and<br>MELVINA TECHNOLOGIES LTD.<br><br>    Plaintiffs<br><br>v.<br><br>PROPHESY TRANSPORTATION SOLUTIONS, INC.,<br>NNR GLOBAL LOGISTICS USA, INC.,<br>NAVITAG TECHNOLOGIES, INC.,<br>NTE, LLC,<br>FLASH GLOBAL LOGISTICS, INC., and<br>CMA CGM, LLC<br><br>    Defendants. | Case No. **1:09-cv-02346**<br><br>Judge John F. Grady<br><br>Magistrate Judge Keys<br><br><br>**JURY TRIAL DEMANDED** |

**ANSWER OF CMA CGM (AMERICA), LLC**
**TO PLAINTIFFS' COMPLAINT**

CMA CGM (America) LLC ("CMA CGM"), through its counsel, Baker & McKenzie

LLP, hereby submits the following as its answer to the Complaint filed by ArrivalStar S.A. and

Melvina Technologies Ltd. (Plaintiffs):

1.      This action involves claims for patent infrigement [sic] arising under the patent

laws of the United States, Title 35 of the United States Code. This Court has exclusive

jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**ANSWER:**    CMA CGM admits that the Complaint purports to state a cause of action

under Title 35 and that the Federal Courts have exclusive jurisdiction in patent cases.

2.      ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and

having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

3.      Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

4.      Melvino and ArrivalStar S.A. (collectively referred to hereafter as "ArrivalStar") own all right, title and interest in, and have standing to sue for infringement of United States Patent No. 5,657,010 ("the '010 patent"), entitled "Advance Notification System and Method Utilizing Vehicle Progress Report Generator," issued August 12, 1997. A copy of the '010 patent is annexed hereto as Exhibit A.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.  CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

5.      ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 5,668,543 ("the '543 patent"), entitled "Advance Notification System and Method Utilizing Vehicle Progress Report Generator," issued September 16, 1997. A copy of the '543 patent is annexed hereto as Exhibit B.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.  CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

6.      ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,278,936 ("the '278 patent"), entitled "System and

Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle," issued August 21, 2001. A copy of the '278 patent is annexed hereto as Exhibit C.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

7. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,317,060 ("the '060 patent"), entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages," issued November 13, 2001. A copy of the '060 patent is annexed hereto as Exhibit D.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

8. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,411,891 ("the '891 patent"), entitled "Advance Notification System and Method Utilizing User-Definable Notification Time Periods," issued June 25, 2002. A copy of the '891 patent is annexed hereto as Exhibit E.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

9. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle," issued November 26, 2002.

A copy of the '801 patent is annexed hereto as Exhibit F.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

10. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle," issued March 30, 2004. A copy of the '859 patent is annexed hereto as Exhibit G.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

11. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,748,318 ("the '318 patent"), entitled "Advanced Notification Systems and Methods Utilizing a Computer Network," issued June 8, 2004. A copy of the '318 patent is annexed hereto as Exhibit H.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

12. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network," issued June 8, 2004. A copy of the '320 patent is annexed hereto as Exhibit I.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

13.     ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel," issued October 4, 2005. A copy of the '645 patent is annexed hereto as Exhibit J.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

14.     ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,975,998 ("the '998 patent"), entitled "Package Delivery Notification System and Method," issued December 13, 2005. A copy of the '998 patent is annexed hereto as Exhibit K.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

15.     ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006. A copy of the '781 patent is annexed hereto as Exhibit L.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that

Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

16.     ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled Notification Systems and Methods with User-Definable Notifications Based Upon Occurrence of Events," issued June 7, 2005. A copy of the '359 patent is annexed hereto as Exhibit M.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same. CMA CGM admits that Exhibit identified in this paragraph appears to be what Plaintiffs represent it to be.

17.     Defendant Prophesy is a Deleware corporation with a place of business at 204-C West Newberry Road Bloomfield, Connecticut 06002. Prophesy transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

18.     Defendant NNR is an Illinois corporation with a place of business at 450 East Deveon Suite 260, Itasca, Illinois 60143. NNR transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '318, '320, and '781 patents.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

19.     Defendant NaviTag is a Delaware corporation with a place of business at 99 Derby Street, Suite 200 Hingham, Massachusetts 02043. NaviTag transacts business and has, at a

minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '318, '320, '781, '891, '060, and '645 patents.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

20.    Defendant NTE is a Delaware Limited Liability Company with a place of business at 200 W. 22nd Street, Suite 20 Lombard, Illinois 60148. NTE transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '781, '318, '891, '060, '645, and '320 patents.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

21.    Defendant Flash Global is a Delaware corporation with a place of business at 10 Old Bloomfield Avenue, Pine Brook, New Jersey 07058. Flash Global transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '318, '781, '891, '060, '645, and '320 patents.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

22.    Defendant CMA is a Virginia, Limited Liability Company with a place of business at 5701 Lake Wright Drive, Norfolk, Virginia 23502. CMA is the United States agent of CMA CGM, Marseille. CMA transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '781, '318, '891, '060, '645 and '320 patents.

**ANSWER:**    CMA CGM admits the facts set forth in the first sentence of this paragraph.  As to the second sentence, CMA CGM denies that any of its business activities or

services infringe any claims of the listed patents.

23.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) .

**ANSWER:**     CMA CGM denies that venue is proper in this district.

24.     Defendant Prophesy has infringed claims of the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents through, among other activities, the use of Prophesy's "Mobile Comm" shipment tracking systems. Prophesy has also infringed the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

25.     Defendant Prophesy's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '010, '543, '278, '060, '891, '801, '859, '318, '320, '645, '998, and '781 patents.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

26.     Defendant NNR has infringed claims of the '318, '320, and '359 patents through, among other activities, the use of NNR's PowerNET system. NNR has also infringed the '318, '320, and '359 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     CMA CGM does not have sufficient knowledge to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

27.    Defendant NNR's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, and '359 patents.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

28.    Defendant NaviTag has infringed claims of the '318, '320, '781, '891, '060, and '645 patents through, among other activities, the use of NaviTag's tracking system has also infringed the '318, '320, '781, '891, '060, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

29.    Defendant NaviTag's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, '781, '891, '060, and '645 patents.

**ANSWER:**    CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

30.    Defendant NTE has infringed claims of the '781, '318, '891, '060, '645, and '320 patents through, among other activities, the use of NTE's Transportation Management System. NTE has also infringed the '781, '318, '891, '060, '645, and '320 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such

patents.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

31.     Defendant NTE's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '781, '318, '891, '060, '645, and '320 patents.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

32.     Defendant Flash Global has infringed claims of the '318, '781, '891, '060, '645, and '320 patents through, among other activities, the use of Flash Global's FLASHTRAC system. Flash Global has also infringed the '318, '781, '891, '060, '645, and '320 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

33.     Defendant Flash Global's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '781, '891, '060, '645, and '320 patents.

**ANSWER:** CMA CGM does not have sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

34.     Defendant CMA has infringed claims of the '781, '318, '891, '060, '645 and '320 patents through, among other activities, the use of CMA's shipment tracking and notification systems. CMA has also infringed the '781, '318, '891, '060, '645 and '320 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     CMA CGM denies the allegations of this paragraph.

35.     Defendant CMA's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '781, '318, '891, '060, '645 and '320 patents.

**ANSWER:**     CMA CGM denies the allegations of this paragraph.

A.     An award of damages adequate to compensate ArrivalStar for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the ArrivalStar patents began;

**ANSWER:**     CMA CGM denies that Plaintiffs are entitled to any damages.

B.     Increased damages as permitted under 35 U.S.C. § 284;

**ANSWER:**     CMA CGM denies that Plaintiffs are entitled to any increased damages.

C.     A finding that this case is exceptional and an award to ArrivalStar of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

**ANSWER:**     CMA CGM denies that Plaintiffs are entitled to any fees or costs.

D.     A permanent injunction prohibiting further infringement, inducement and contributory infringement of the ArrivalStar patents; and

**ANSWER:**     CMA CGM denies that Plaintiffs are entitled to any injunctive relief.

E.      Such other and further relief as this Court or a jury may deem proper and just.

**ANSWER:**    CMA CGM denies that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

CMA CCM denies that it is subject to personal jurisdiction in this Court, and denies that venue is proper in this district.

### Third Affirmative Defense

CMA CGM's services, activities and products do not infringe any of the claims of the patents alleged to be infringed in the Complaint.

### Fourth Affirmative Defense

Plaintiffs' patent claims are invalid under one or more of at least the following sections of Title of the United States Code:  §§101, 102, 103 and/or 112.

### Fifth Affirmative Defense

Plaintiff's claims are barred by acquiescence and estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

Defendant reserves the right to assert additional affirmative defenses based on information obtained, developed or discovered during the pendency of this case.

WHEREFORE, defendant, CMA CGM (America) LLC, respectfully requests that this Court enter judgment in its favor on Plaintiffs' Complaint and in addition that defendant be granted its attorneys' fees, costs, and such other relief this Court deems just and equitable.

## JURY DEMAND

CMA CGM demands a trial by jury on all issues that are so triable in this Complaint.

Dated: June 25, 2009

Respectfully submitted,

**BAKER & MCKENZIE LLP**

By:  /s/ David I. Roche
David I. Roche
Baker & McKenzie LLP
130 East Randolph Dr.
Chicago, IL 60601
Phone: 312-861-8608
Email:  david.i.roche@bakernet.com

Attorneys for CMA CGM (America) LLC

Certificate of Service

Pursuant to Article XI of the General Order on Electronic Case Filing, this document and its attachment are being transmitted by e-mail to the person(s) at the e-mail address(es) set forth below via the ECF system of this District on June 25, 2009.

Anthony E. Dowell [AEDowell@dowellbaker.com]
DOWELL BAKER, P.C.
201 Main St., Suite 710
Lafayette, IN  47901

I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct.

Executed on June 25, 2009, at Chicago, Illinois

  s/David I. Roche
David I. Roche